Tukley, J.
delivered the opinion of the court.
Robert Patterson recovered judgments at the January term, 1840, of the Circuit Court of Maury, against Wm. Perry, for the sum of between eleven and twelve hundred dollars. Wm. Perry being in failing circumstances, a proposition was made to him by Patterson, through his attorney, that if he would give a not'e for the amount of said judgment, with two undoubted solveñt sureties, he would give him twelve months longer time in which to pay the debts. This proposition was accepted, and the names of Simpson Perry the complainant, and Francis S. Perry, were to be procured as the sureties, and agreed to be received. A blank note was prepared, tyith three seals, for the purpose of being executed, by said Wm. Perry, Simpson Perry and Francis S. Perry, for the amount of the judgments, payable at twelve months. . ■
W. Perry, after signing the note, himself, presented it to Simpson Perry, for his signature, who expressly refused to sign it, until he' was informed that Francis S. Perry was to do so likewise,- he then agreed to sign it upon that condition, and did so, — placingthe note thus signed in the hands of Wm. Perry to procure the signature of Francis S. Perry, before it was to be delivered to Patterson.
Francis S. Perry refused to sign it,'and the note was delivered to the attorney of Patterson, with the signature of Simpson Perry alone as surety for its payment. It does not appear that the note was then received by the attorney in payment of the judgments; for he still insisted on having the two sureties as per agreement, and attempted, by executions on the judgments, to enforce a performance, but without success., — Francis S. Perry *136 remaining firm in his refusal to become bound for the debt. The executions were then returned, but not satisfied, the judgments being’still kept open against 1m. Perry, and suit is commenced on the note against Simpson Perry, who thereupon files his bill of complaint,- asking that the proceedings at law be enjoined, and the note delivered up to be cancelled.
This is resisted upon the alledged ground, that the note as executed was delivered to the attorney without any knowledge on his part that it had been conditionally executed only; and that, if the fact be so, Simpson Perry, the complainant, was afterwards informed that Francis S. Perry had refused to sign the note, and then', either expressly or impliedly, agreed that it might be considered as obligatory on him as it was.
That the note was delivered conditionally, and that Simpson Perry was not to be bound, unless Francis S. Perry also signed it, we think satisfactorily proved. This would constitute a delivery, as an escrow, and would not be obligatory upon Simpson Perry unless the condition were performed, or unless he agreed that it should, after be had been informed that Francis S. Perry had refused to become bound as his co-surety.
The law upon this point is settled beyond controversy, and needs at this day no investigation. And it makes no difference, though the attorney did receive the note without the knowledge that it had been conditionally executed by Simpson Perry; the note was not delivered to the attorney by him, and it was therefore necessary that he should have enquired as to the mode of the execution before he could claim to hold it, discharged from the creditor. But we think it obvious, from the proof, that the note was not delivered to the attorney, as an execution of the agreement between, him and Wm. Perry, but merely lodged with him till such time as Francis S. Perry could be induced to sign it. If this were not so, why should the attorney have insisted that it was not executed in accordance with the agreement, and that he must have the two sureties? Why should he have refused to satisfy the judgments, and have endeavored to enforce their collection by execution? And why, when he found that this could not be done, were the executions merely stopped in the hands of the sheriff, and returned unsatisfied?
JNotjs. — A bond cannot be delivered to one ofthe obligees as an escrow. 2 Condensed Reports, 277.
A bond may be delivered by the surety to the principal obligor as an escrow. 2 Cond. Rep. 92.
The bond on its face purports to be delivered absolutely, and it is not to be doubted the obligees would be more secure against fraud if th?- evidence that the writing was delivered as an escrow appeared upon its face/ilan by adrrftflting parol testimony of that fact. But the law is settled otherwise, and is not to be cfisturbed. 2 Cond. Rep, 92. , + \
We are constrained to believe, that the note has been retained, as the last resort, after every other mode of enforcing payment of the judgments had failed.
Neither can we perceive from the proof,' any reason for believing that Simpson Perry had any knowledge that the note had come into the hands of Patterson’s attorney without the signature of Francis S. Perry, and of course cannot say that he ever agreed to be held singly bound as security for Wm. Perry in the amount of the judgments in favor of defendant. If he ever did, it is matter of proof, the burden of which lies upon Patterson; having failed, to make it, he loses the defence.
Upon the whole view of the case, then, we are of opinion that complainant is entitled to the relief sought in this bill; that the proceedings at law be enjoined, and that the note be delivered up and cancelled.
Reverse the decree of the Chancellor, and decree accordingly.